**Steven LONDON and The New Caucus, Plaintiffs–Appellants,**

v.

**Irwin POLISHOOK, Defendant– Appellee.**

No. 98–9127.

United States Court of Appeals, Second Circuit.

Argued May 3, 1999.

Decided Aug. 13, 1999.

Lauren Esposito, Kennedy, Schwartz & Cure, New York, N.Y. (Arthur Schwartz, Kennedy, Schwartz & Cure, New York, NY), for Plaintiffs–Appellants.

Hanan B. Kolko, Vladeck, Waldman, Elias & Englehard, P.C., New York, N.Y. (Irwin Bluestein, Vladeck, Waldman, Elias & Englehard, P.C., New York, NY), for Defendant–Appellee.

Before: CABRANES and SACK, Circuit Judges, and SHADUR,* District Judge.

SHADUR, District Judge:

The New Caucus—a political faction within Professional Staff Congress ("Congress")—and its leader Steven London (purely for convenience we will refer to both plaintiffs as "New Caucus," spoken of in the singular) appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*) dismissing New Caucus' claims for lack of subject matter jurisdiction. They contend (1) that because the jurisdictional issue was closely intertwined with the merits of New Caucus' claims, the district court erred by dismissing on jurisdictional grounds before the case had reached the summary judgment or trial stage and (2) that the district court's substantive analysis of the subject matter jurisdictional issue was in error as well.

Although we do not agree that the district court had to defer decision of the jurisdictional issue until the case itself was ripe for disposition via summary judgment or trial, we hold that the district court failed to give adequate consideration to plaintiffs' submissions as to jurisdiction, so that the court's substantive analysis was flawed. We therefore vacate the judgment of dismissal and remand for further proceedings consistent with this opinion.

*Background*

Congress is a labor union representing employees of the City University of New York ("CUNY") and the Research Foundation of CUNY ("Research Foundation").[1] On June 23, 1998 Congress and CUNY reached a tentative accord as to a new collective bargaining agreement, and Congress sent a letter to its members advising them that the agreement would be submitted to Congress' Executive Council and Delegate Assembly for consideration. On July 7, 1998 the Executive Council met and voted to recommend to the Delegate Assembly that the proposed agreement be ratified. Later that day the Delegate Assembly voted to approve the agreement and to recommend ratification to the union membership. Congress then began to prepare a mailing to its members describing the agreement and containing a secret ballot for the ratification vote.

On July 1, 1998 New Caucus had sent Congress a letter seeking the opportunity to send a mailing to Congress' members before the ratification vote. New Caucus said it would pay for the mailing, but it asked that Congress make mailing labels available. When Congress denied that request, on July 14, 1998 New Caucus filed the complaint in this action and moved for a preliminary injunction and temporary restraining order. New Caucus claims that Congress violated Labor Management Re-

---

* The Honorable Milton I. Shadur, of the United States District Court for the Northern District of Illinois, sitting by designation.

1. Irwin Polishook is Congress' president and the named defendant in this action. But for simplicity of discussion, this opinion is written as though Congress itself were the actual defendant.

porting and Disclosure Act § 411(a)(1) [2] by refusing to permit New Caucus to use the mailing list to provide union members with information about the upcoming vote. New Caucus sought to bar Congress' own distribution of the ratification ballots until it granted New Caucus permission to use the mailing list.

On July 15, 1998, one day after the complaint was filed and without a hearing on the matter, the district court issued an order denying the requested relief and dismissing the claims for lack of subject matter jurisdiction. Dismissal was predicated on the premise that jurisdiction was wanting because Congress, as a labor union assertedly representing only employees of public employers, is not governed by the Act. New Caucus brought this appeal on the grounds stated at the outset of this opinion.

### Standard of Review

■ In our review of a district court's determination of subject matter jurisdiction pursuant to Fed.R.Civ.P. ("Rule") 12(b)(1), we examine factual findings for clear error and legal conclusions de novo (*Woodward Governor Co. v. Curtiss–Wright Flight Sys., Inc.,* 164 F.3d 123, 126 (2d Cir.1999)). This appeal involves both types of evaluation.

### Subject Matter Jurisdiction

Section 412 confers federal jurisdiction on suits by persons whose statutory rights are infringed by a "labor organization." Section 402(i) in turn defines "labor organization" as an entity that "exists for the purpose, in whole or in part, of dealing with employers concerning" various terms of employment. Section 402(e) excludes from the definition of employer "the United States or any corporation wholly owned by the Government of the United States or any State or political subdivision thereof."

■ Here the district court's decision to dismiss the New Caucus claims for lack of subject matter jurisdiction centered on the determination that Congress is not governed by the Act because it represents only employees of public employers. In response New Caucus does not dispute that CUNY is a public employer or, to use the Act's language, a "political subdivision." New Caucus asserts, however, that Research Foundation is a private employer and that Congress' representation of its employees brings Congress within the Act's coverage, as confirmed by 29 C.F.R. § 451.3(a)(4) and a number of cases—*Martinez v. American Fed'n of Gov't Employees,* 980 F.2d 1039, 1042 (5th Cir.1993); *Hawaii Gov't Employees Ass'n v. Martoche,* 915 F.2d 718, 720 (D.C.Cir.1990); *Laity v. Beatty,* 766 F.Supp. 92, 97–98 (W.D.N.Y.1991), *aff'd,* 956 F.2d 1160 (2d Cir.1992)(unpublished table opinion); see *Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police,* 920 F.2d 198, 201 (3d Cir.1990)(dictum)—all subscribing to the proposition that unions that represent and bargain for *both* public and private sector employees are subject to the Act. New Caucus says not only that the district court erred in holding that Congress is not a labor organization within the Act's meaning, but also that the court did so too early in the game and by using the wrong standard.

■ It is true, as New Caucus urges, that as *Careau Group v. United Farm Workers of Am., AFL–CIO,* 940 F.2d 1291, 1293 (9th Cir.1991) (citation and quotation marks omitted) has put it:

> [W]here jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits, the trial court should employ the standard applicable to a motion for summary judgment.

According to *Careau, id.* at 1293–94, the district court should dismiss such a claim

**2.** All further citations to that statute (the "Act," 29 U.S.C. §§ 401–531) will take the form "Section—," using the section number-ing in the Title 29 codification rather than the Act's internal numbering.

for lack of jurisdiction only if there are no triable issues of fact.

■ Here the notion of "intertwining," in a sense that would then trigger the application of summary judgment standards against the party challenging subject matter jurisdiction, is not at work. After all, when a bona fide dispute is raised as to the presence of federal jurisdiction it is the affirmative burden of the party invoking such jurisdiction (in this instance, New Caucus as plaintiff) to proffer the necessary factual predicate—not simply an allegation in a complaint—to support jurisdiction (*United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994)).

■ In this instance the district court's failure to consider New Caucus' material jurisdictional evidence denied New Caucus any genuine opportunity to meet that burden. In terms of the resulting dismissal, that denial had the same effect as an erroneous grant of summary judgment in the face of a nonmovant's identification of genuine issues of material fact. But the district court's error with regard to the jurisdictional analysis does not call, as New Caucus' invocation of *Careau* and other "intertwining" cases would suggest, for the application on remand of a summary judgment standard on the discrete question of subject matter jurisdiction.

On that score New Caucus did supply several facts to support its argument that Research Foundation is a private employer and therefore subject to the Act, information that the district court clearly did not consider in its factfinding.[3] Both Complaint ¶ 3and, more significantly, Alberta Grossman's Declaration ¶ 2 assert (1) that Research Foundation's employees are not CUNY employees, nor are they subject to the Civil Service Law, and (2) that Research Foundation is a not-for-profit corporation separate from CUNY. Research Foundation's 1995 Annual Report, submitted as Exhibit A to the Grossman Declaration, states that Research Foundation "is qualified under Section 501(c)(3) of the Internal Revenue Code as a private not-for-profit corporation." That report further includes information that Research Foundation receives some of its revenues in the form of private grants and contracts.

■ In contrast to its disregard of the New Caucus evidence as to today's situation, the district court chose to accept as gospel two 1974 Department of Labor ("Department") letters offered by Congress. There Department had found that "Research Foundation is a political subdivision not covered by [the Act]" and that Congress "is not a 'labor organization' within the meaning of the Act." Holding that Department's findings on that score were entitled to "great deference" and that it could not "substitute its own construction" of the statute for Department's, the district court held that Congress was not subject to the Act and that the court therefore lacked subject matter jurisdiction to hear the case.

Such unquestioning deference to Department's now-whiskered factfinding was unwarranted. To be sure, the familiar message of *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) is that administrative agencies' reasonable interpretations of ambiguous statutes are entitled to great deference by the courts. But here Department's determinations are not only a quarter century out

---

**3.** As the district court mistakenly put it:

    Here, the only competent proof that Plaintiffs offer to support their argument that [the Act] governs [Congress] is a single citation to a footnote in a case decided in the District of Columbia.

While New Caucus did cite to that *Martoche* decision to support its argument that unions representing a mix of private and public sector employees are covered by the Act, that was by no means the only piece of evidence offered in the complaint or in the accompanying materials to show that Research Foundation is a private employer.

of date but are factual findings, not regulatory or statutory interpretations. By contrast, such judicial deference does apply to the guidelines that Department's Office of Labor–Management Standards Enforcement · has developed and set out in its LMRDA Interpretive Manual § 030.425— guidelines to which *Martoche*, 915 F.2d at 720–22 deferred in the absence of a clear definition of "political subdivision" in the Act or in its legislative history.

*United States v. Haggar Apparel Co.*, —— U.S. ——, 119 S.Ct. 1392, 1399, 143 L.Ed.2d 480 (1999) has recently reemphasized the distinction between a court's giving · deference to administrative agencies' interpretations and a court's abdicating its duty to make factual determinations:

> Deference can be given to the regulations without impairing the authority of the court to make factual determinations, and to apply those determinations to the law, de novo.

*Martoche*, 915 F.2d at 721–25 provides an example of the proper scope of application of *Chevron* deference. After reviewing the Interpretive Manual's standards for evaluating whether an employer is considered a "political subdivision," *Martoche*, 915 F.2d at 722 accepted that "decisional formula as a wholly appropriate exercise of authority to bridge interstices in the legislative scheme." But then *Martoche, id.* went on to "scrutiniz[e] the Secretary's conclusion on [the employing entity's] status in light of the formula and the pertinent facts." In like manner, the court below should have looked to Department's guidelines to analyze whether Research Foundation is a political subdivision, but it should not have conferred unquestioning acceptance on Department's 25–year–old factual finding on the subject.

Because the district court's findings of fact were clearly erroneous, we vacate the judgment of the court and remand for reconsideration of the question of subject matter jurisdiction. On remand the district court should give the parties an opportunity to submit affidavits or other proof on the question (see, e.g., *Martinez*, 980 F.2d at 1042; *Berardi*, 920 F.2d at 202).

One final and perhaps preemptive point: Although the issue has not been raised by either party, we note that New Caucus' claims may perhaps be moot. Because the record before us is insufficient to rule definitively as between the alternatives of mootness on the one hand and the possibility of a continuing live controversy on the other, on remand the district court should first consider whether the injunctive relief that New Caucus requests in its complaint is still available. If it is not, the only remaining issues would be attorneys' fees and costs, neither of which is sufficient to keep the dispute alive (see *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir.1993) as to attorneys'· fees and the reference in 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3533.3 at 268–69 (2d ed.1984) to the like "traditional" view as to costs).

### Conclusion

In sum, we VACATE the district court's dismissal of the Complaint's claims for lack of subject matter jurisdiction and REMAND for further proceedings consistent with this opinion.