Stephen **BAUMGART, et al.,**
Plaintiffs–Appellants,

v.

**STONY BROOK CHILDREN'S
SERVICE, P.C., et al.,**
Defendants–Appellees.

No. 06–3638–cv.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2007.

Scott Browning Gilly (Douglas H. Wigdor and Andrew S. Goodstadt, on the brief), Thompson Wigdor & Gilly LLP, New York, NY, for Appellants.

Leonard M. Rosenberg (Jordan M. Freundlich, on the brief), Garfunkel, Wild & Travis, P.C., Great Neck, NY, for Stony Brook Children's Service, P.C., Stony

Brook Clinical Practice Management Plan and Stony Brook CPMP Governing Board.

Daniel J. Chepaitis, Assistant Solicitor General (Robert H. Easton, of counsel, Andrew Cuomo, Attorney General of the State of New York, on the brief), New York, NY, for State University of New York at Stony Brook School of Medicine and State University of New York.

Katherine A. Levine (James R. Sandner, of counsel), New York, NY, for United University Professions.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiffs–Appellants appeal from two orders entered in the Eastern District of New York (Hurley, J.), on September 9, 2005, 2005 WL 2179429, and on July 6, 2006. The first of these orders dismissed the complaint for lack of subject matter jurisdiction, and the second denied Plaintiffs' motion for reconsideration.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. In a nutshell, Plaintiffs are physicians on the faculty of State University of New York ("SUNY") Stony Brook School of Medicine who also work as clinicians at the Stony Brook University Hospital, and whose income as clinicians is managed and distributed by the Stony Brook Clinical Practice Management Plan ("CPMP"). They allege mismanagement and short-changing by the CPMP, and bring suit under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, against United University Professions ("Union") and various SUNY and CPMP entities and officers.

Plaintiffs challenge the District Court's dismissal of their complaint pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

We review the District Court's decision on a motion to dismiss for lack of subject matter jurisdiction de novo. Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004).

Generally, a union employee must exhaust the grievance remedies provided in the collective bargaining agreement before bringing suit against the employer. If, however, the union breaches its duty of fair representation in the grievance proceeding, the employee can sue both the union and the employer, notwithstanding the failure to exhaust the grievance procedures. In such a hybrid LMRA claim, Plaintiffs must show a breach of duty by both. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

The LMRA does not confer federal jurisdiction over labor disputes among states, their employees, and the unions who represent them. See 29 U.S.C. § 152(2) (defining "employer" to exclude entities that are either a "State or political subdivision thereof"); id. § 152(3) (defining "employee" as only those who work for employers, i.e., not a state or its political subdivision); id. § 152(5) (defining "labor organization" as one in which "employees" participate for the purpose of dealing with "employers"). Therefore, for federal jurisdiction to extend to Plaintiffs' hybrid claim, Plaintiffs must show that [1] they work for an "employer"—that is, an entity that is not a "political subdivision of the State," and [2] they participate in a "labor organization" that deals with that employer.

Plaintiffs cannot satisfy the second of these requirements. According to the Complaint, the Union represents "nearly 28,000 academic and professional faculty at 29 State-operated SUNY campuses." (emphasis added). The Union acts as "the exclusive bargaining representative with

respect to salaries, wages, hours and other terms and conditions of employment" for those within the "*State* University Professional Services Negotiating Unit, including Plaintiffs." (emphasis added). And *"[a]s professors at SUNY Stony Brook,* Plaintiffs are employees in the *State* University Professional Services Negotiating Unit." (emphasis added).

This case is thus distinguishable from *London v. Polishook,* 189 F.3d 196 (2d Cir.1999), in which we decided a similar jurisdictional question arising under section 102 of the Labor–Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 412, a statute that defines "employee," "employer," and "labor organization" in a manner that, for present purposes, is identical to those terms' definitions in the LMRA. *See id.* § 402(e), (f), (i). In that case, we held that the district court erred in dismissing the action for lack of subject-matter jurisdiction. There, however, the plaintiffs alleged and provided supporting facts tending to show that the union represented some of its members in their capacity as employees of a private employer, and moreover, the employees of the private employer were not also employees of an exempt political subdivision. *London,* 189 F.3d at 199. Here, in contrast, Plaintiffs have neither alleged nor provided facts to support an argument that the Union represents Plaintiffs in their capacity as employees of the CPMP entities, and all of the alleged employees of the CPMP entities are, Plaintiffs concede, also employees of SUNY. Plaintiffs further concede that SUNY is a political subdivision of New York State and therefore is not an "employer" within the meaning of the LMRA.

Moreover, the collective bargaining agreement Plaintiffs seek to enforce was negotiated and entered into exclusively by the Union and SUNY. We agree with the District Court that the Union's duties under the agreement—including grievances against the CPMP defendants—arise from its representation of Plaintiffs as public employees, and the Union thus does not constitute a "labor organization" for purposes of the LMRA. Accordingly, the District Court lacks jurisdiction over this action.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**