**Roxanne FORD, Plaintiff–Appellant,**

v.

**D.C. 37 UNION LOCAL 1549, Defendant–Appellee.**

**Docket No. 08–2317–cv.**

United States Court of Appeals, Second Circuit.

Argued: Aug. 6, 2009.

Decided: Aug. 25, 2009.

Roxanne Ford, pro se, New York, NY, for Plaintiff–Appellant.

Robin Roach, Senior Assistant General Counsel, District Counsel 37, AFSCME, AFL–CIO, New York, NY, for Defendant–Appellee.

Before McLAUGHLIN, CALABRESI and RAGGI, Circuit Judges.

PER CURIAM:

Appellant Roxanne Ford, *pro se*, appeals the district court's judgment granting the defendant's motion to dismiss Appellant's complaint alleging a breach of the duty of fair representation under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*, for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

■ This Court reviews *de novo* a district court decision dismissing a complaint pursuant to Fed.R.Civ.P. 12(b)(1), construing the complaint liberally and accepting all factual allegations in the complaint as true. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

As the language of the LMRA makes plain, public employees are not covered by that statute. *See* 29 U.S.C. § 152(2) (exempting from the definition of employer "any State or political subdivision thereof"). The point is sufficiently clear so that it has been routinely addressed by summary orders. *See Baumgart v. Stony Brook Children's Serv., P.C.*, 249 Fed. Appx. 851, 852 (2d Cir.2007) (unpublished); *Majeske v. Congress of Conn. Comty. Colls.*, No. 98–7226, 166 F.3d 1200, 1998 WL 907915, at *2 n. 2 (2d Cir.1998);

*Smith v. United Fed'n of Teachers*, 162 F.3d 1148, 1998 WL 639756, at *1 (2d Cir.1998). The Supreme Court has also taken this view, which we are bound to follow. *See N.L.R.B. v. Natural Gas Util. Dist. of Hawkins County, Tenn.*, 402 U.S. 600, 602–03, 91 S.Ct. 1746, 29 L.Ed.2d 206 (1971) (holding that a Tennessee public utility district was not an "employer" under § 152(2) because it was a "political subdivision" of Tennessee); *see also Police Dep't of the City of Chicago v. Mosley*, 408 U.S. 92, 102 n. 9, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972) ("[T]he National Labor Relations Act specifically exempts States and subdivisions ... from the definition of 'employer' within the Act."). We deem it appropriate to issue a published opinion and thereby make clear beyond peradventure that this is the law of our Circuit.

■ Appellant claims, on appeal, that her employer is not a political subdivision of New York and questions whether it was a mayoral agency. It is clear to us, however, that the New York City Department of Health and Mental Hygiene is a "political subdivision" of New York that is exempt under § 152(2).

■ Furthermore, the district court did not err in failing to address any state law claim that the complaint could be construed to be raising. *See* 28 U.S.C. 1367(c)(3); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.").

For the reasons stated above, the judgment of the district court is **AFFIRMED**.