09-1492-cv
Larkins v. M&T Mortgage

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of May, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> CHESTER J. STRAUB,
> ROBERT A. KATZMANN,
> > *Circuit Judges.*

_____

Maggie Larkins,

> *Plaintiff-Appellant,*

> v.                                                                                    09-1492-cv

Namorthe Gracia, care of Meyer Silber,  M&T Mortgage, care of Steven J. Baum, Chicago Title Company, NAF Management Corporation, care of SBC, Nathan Feldman,

> *Defendants-Appellees.*[*]

_____

_____

[*] The Clerk of the Court is respectfully directed to amend the official caption to conform to the caption of this order.

FOR APPELLANT:                    Maggie Larkins, *pro se*, Brooklyn, N.Y.

FOR APPELLEES:                    Adam M. Levy, Simmons Jannace, L.L.P.,
                                  Syosset, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant appeals from the district court's order dismissing her complaint for lack of subject matter jurisdiction, and moves for a federal investigation into alleged improprieties below. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction, "construing the complaint liberally and accepting all factual allegations in the complaint as true." *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam).

Here, the district court correctly concluded that it lacked subject matter jurisdiction because there was no diversity among the parties, *see* 28 U.S.C. § 1332, and the case did not present a federal question, *see* 28 U.S.C. § 1331. Nor did the statutory provisions Appellant cited in her complaint confer jurisdiction on the district court. Moreover, as Appellant did not raise before the district court the alleged violations of the constitution and federal criminal law that she argues on appeal, the district court had no cause to construe the complaint as raising constitutional claims pursuant to 42 U.S.C. § 1983. *See Singleton v. Wulff*, 428 U.S. 106, 120-21

(1976) (explaining that courts of appeal generally will not consider an issue raised for the first time on appeal); *Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005).

      Appellant's remaining arguments on appeal do not demonstrate that the district court erred in dismissing her complaint for lack of subject matter jurisdiction.  Accordingly, the judgment of the district court is **AFFIRMED**, and the motion is **DENIED**.


                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, CLERK