09-4746-cv
Vandermark v. City of N.Y.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
                         <u>Chief Judge</u>,
         REENA RAGGI,
                         <u>Circuit Judge</u>
         JED S. RAKOFF,[*]
                         <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
**Marshall Vandermark, as Environmental Police Officers employed by New York City, and Law Enforcement Employees Benevolent Association LEEBA <u>et al.</u>**
         <u>Plaintiffs-Appellants</u>,

**Jon Shamaro, Jason Shaw, Matthew Wood,**
         <u>Plaintiffs</u>,

         **-v.-**                                          **09-4746-cv**

---

[*] District Judge Jed S. Rakoff, Judge of the United States District Court for the Southern District of New York, sitting by designation.

**City of New York, Water Board for New York City, Department of Environmental Protection, Local 300 SEIU, Mayor Michael Bloomberg, Commissioner Emily Lloyd, Chief Edward Welch, individually and in their representative capacities, President James Golden, Local 300, SEIU, & Local 300 SEIU,**
            <u>**Defendants-Appellees**</u>.

- - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANTS:** RICHARD J. MERRITT, Lindenhurst, NY.

**APPEARING FOR APPELLEES:** SUSAN B. EISNER, Stephen J. McGrath, Donna Anne Canfield, Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

JOEL SPIVAK, Mirkin & Gordon, P.C., Great Neck, NY, <u>for Defendant-Appellee Local 300 SEIU</u>.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED.**

Plaintiffs appeal from a May 4, 2009 order of the United States District Court for the Southern District of New York (Scheindlin, <u>J.</u>).  In the main, they are Environmental Police Officers (EPOs) employed by the City of New York.  They assert various state and federal claims

2

principally challenging their compensation and benefits. The district court dismissed the federal claims for failure to state a cause of action, and declined to exercise supplemental jurisdiction over the state law claims. We otherwise assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues presented for review. We review the district court's order de novo. E.g., Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 58 (2d Cir. 2010).

The plaintiffs appeal the dismissal of their claims under the Fair Labor Standards Act (FLSA), the Age Discrimination in Employment Act (ADEA), the Labor Management Relations Act (LMRA), the Employee Retirement Income Security Act (ERISA), and Title VII of the Civil Rights Act; and their 42 U.S.C. §§ 1983 and 1985 equal protection claims. Dismissal of the other claims is either unchallenged on appeal, or the challenge is forfeited. See, e.g., Tolbert v. Queens Coll., 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)).

The district court correctly dismissed the plaintiffs' ADEA, Title VII, Equal Protection, and LMRA and ERISA claims.

- <u>Title VII</u>: To establish their Title VII claim, the plaintiffs would need to show employment discrimination on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  They alleged no such nexus.

- <u>ADEA</u>: To establish their ADEA claim, the plaintiffs would need to show employment discrimination on the basis of age.  29 U.S.C. § 623(a)(1).  Alleging unequal retirement benefits does not allege age discrimination.

- <u>Equal Protection</u>: To establish their §§ 1983 and 1985 equal protection claims, the plaintiffs would need to show that there is no "*reasonably conceivable* state of facts that could provide a rational basis for the classification."  <u>Yuen Jin v. Mukasey</u>, 538 F.3d 143, 158 (2d Cir. 2008) (emphasis in original).  As the district court observed, "[t]here are numerous reasonable bases on which the City of New York might decide that NYPD officers and EPOs should receive different compensation and benefits, including the danger

4

associated with the positions, the physical strain of the job, and the cost of living in the areas in which NYPD officers and EPOs work." Vandermark v. City of N.Y., 615 F. Supp. 2d 196, 209 (S.D.N.Y. 2009)

- LMRA and ERISA: Neither the LMRA nor ERISA, in relevant part, applies to state "political subdivision[s]." 29 U.S.C. § 152(2) (LMRA); 29 U.S.C. §§ 1002(32), 1003(b) (ERISA); cf. Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) ("It is clear to us . . . that the New York City Department of Health and Mental Hygiene is a 'political subdivision' of New York that is exempt under § 152(2).").

Respecting the plaintiffs' FLSA claim, the district court correctly applied the § 207(k) exemption, 29 U.S.C. § 207(k). Based on the undisputed facts of this case, EPOs [1] are "empowered . . . to enforce laws . . . , and to prevent and detect crimes"; [2] "ha[ve] the power to arrest"; and [3] "undergo on-the-job training and/or a course of instruction and study which typically includes physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law

5

enforcement techniques, community relations, medical aid and ethics." 29 C.F.R. § 553.211(a).

Finding no merit in the plaintiffs' remaining arguments, we hereby **AFFIRM** the district court's judgment.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK