11-1883-cv
Malast v. CSEA

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1  AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand twelve.

Present:     CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                     *Circuit Judges,*
             EDWARD R. KORMAN,[*]
                     *District Judge*

_____

ELLEN MALAST,

                    *Plaintiff-Appellant*,


                -v.-                                          11-1883-cv


CIVIL SERVICE EMPLOYEES ASSOCIATION, INC.,
LOCAL 830, AFSCME, AFL-CIO; CIVIL SERVICE
EMPLOYEES ASSOCIATION, INC., LOCAL 1000,
LOCAL 74 SERVICE EMPLOYEES INTERNATIONAL
UNION AFL-CIO,

                    *Defendants-Appellees*,


NASSAU COUNTY DEPARTMENT OF CONSUMER
AFFAIRS,

                    *Defendant*.[**]

_____

[*]Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

[**]The Clerk of the Court is directed to amend the official caption of this action to conform to the caption listed above.

For Appellant:        Steven A. Morelli, The Law Office of Steven A. Morelli, Garden City, N.Y.

For Appellees:        Leslie C. Perrin *for* Steven A. Crain & Daren J. Rylewicz, Civil Service Employees Association, Inc., Albany, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York  (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED AND REMANDED**.

Plaintiff-appellant Ellen Malast appeals from a judgment of the district court dismissing her state claims as preempted by federal labor law.  We assume the parties' familiarity with the procedural history, facts, and statement of issues for review.

This Court reviews de novo a district court judgment dismissing a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009).  Here, the district court erred in overlooking Malast's allegation that she was an employee of the Nassau County Department of Consumer Affairs, a municipal agency of Nassau County, New York.  The National Labor Relations Act ("NLRA") and Labor Management Relations Act ("LMRA") exclude from their definitions of "employee" those, like Malast, who are employed by "any State or political subdivision thereof."  29 U.S.C. § 152(2), (3).  For this reason, public employees may not bring federal duty-of-fair representation ("DFR") claims or claims under Section 301 of the LMRA, 29 U.S.C. § 185.  *See Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (affirming dismissal of public employee's federal DFR claim for lack of subject matter jurisdiction because, "[a]s the language of the LMRA makes plain, public employees are not covered by that statute").  Congress's explicit intention to exclude public employees like Malast from the ambit of federal regulation renders the district court's preemption holding untenable, as "[t]he question whether a certain state action is pre-empted by federal law is one of congressional intent."  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 208 (1985).

Having concluded that the district court's reason for dismissal was erroneous, we decline Appellees' invitation to affirm on alternate grounds.  The only federal claim pending at the time the district court entered its preemption judgment has now been settled and dismissed, and dismissal on any alternate ground would require exercising supplemental jurisdiction under 28 U.S.C. § 1367(c).  The district court should decide, in the first instance, whether to exercise supplemental jurisdiction.  *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

Accordingly, the judgment of the district court hereby is VACATED AND REMANDED for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2