11-1561 (L)
Gear v. Department of Education

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve.

Present:    PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
            REENA RAGGI
                    *Circuit Judges.*

---

GLORIA GEAR,

      *Plaintiff-Appellant*,

      -v.-

DEPARTMENT OF EDUCATION,
ROSALYN ALLMAN-MANNING, LAURIE ADRAGNA,
BETTY OXFORD, DORIS MACKEY, MARY HELFICH,
FRANK A. NICHOLAS, CONCETTA TRICARICO,
ROSIE MALDONADO, CRYSTAL ERRICO,
PATRICIA ROSMARIN, KATHY AMATO, AMY DAVIS,
DEPARTMENT OF EDUCATION OFFICE OF EQUAL
OPPORTUNITY, JOAN THOMPSON, GESI GOODMAN,
UNITED FEDERATION OF TEACHERS (UFT),
97-77 QUEENS BOULEVARD, REGO PARK, NY 11374,
UNITED FEDERATION OF TEACHERS,
52 BROADWAY, MANHATTAN, NY 10004,

      *Defendants-Appellees*.

11-1561-cv (L)
11-2281-cv (CON)

---

Appearing for Appellant:

> Gloria Gear, *pro se*, Long Island City, N.Y.

Appearing for Appellee United Federation of Teachers:

> Steven A. Friedman, New York State United Teachers (Richard E. Casagrande, *on the brief*), New York, N.Y.

Appearing for Appellees Laurie Adragna, Rosalyn Allman-Manning, Kathy Amato, Amy Davis, Department of Education, Department of Education Office of Equal Opportunity, Crystal Errico, Gesi Goodman, Mary Helfich, Doris Mackey, Rosie Maldonado, Frank A. Nicholas, Betty Oxford, Patricia Rosmarin, Joan Thompson and Concetta Tricarico:

> Drake A. Colley, Assistant Corporation Counsel for the City of New York, New York City Law Department (Michael A. Cardozo, Corporation Counsel, Edward F.X. Hart, *on the brief*), New York, N.Y.

Appeal from two judgments of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and they hereby are **AFFIRMED**.

In November 2009, pro se plaintiff Gloria Gear, former employee of the New York City school system, filed a second amended complaint against defendants-appellees United Federation of Teachers ("UFT"), Gear's union, and the New York City Department of Education ("DOE"),[1] Gear's employer. Gear alleged that UFT violated the duty of fair representation and that both defendants violated, inter alia, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, by discriminating against Gear on account of her race. In an order of December 21, 2010, the district court dismissed Gear's claims against UFT pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In an order of March 30, 2011, the district court granted DOE's motion for summary judgment and dismissed Gear's claims against DOE. Gear now appeals both judgments. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As to Gear's claims against UFT, we review de novo dismissals under subsections (b)(1) and (b)(6) of Rule 12. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). The district court correctly dismissed Gear's claims against UFT for breach of the duty of fair representation under the National Labor Relations Act and Labor Management Relations Act because Gear was an employee of DOE, a political subdivision of a state, and those acts exclude public employees from coverage. *See Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d

---

[1] Although referred to by Gear and the district court as the DOE, that entity is properly known as the "Board of Education of the City School District of New York."

Cir. 2009) (per curiam) (affirming dismissal of public employee's federal duty of fair representation claim).  Insofar as the district court erred by failing to construe Gear's claim of "failure to represent correctly" as raising a fair representation claim under *state* law, *see* N.Y. Civ. Serv. Law § 209-a(2)(c), we affirm the dismissal of any such claim Gear may be construed to have alleged because the court properly declined to exercise supplemental jurisdiction over Gear's state claims upon its dismissal of the federal claims.  In addition, the district court correctly dismissed Gear's Title VII claims against UFT because she made only conclusory allegations and provided no factual allegations in support.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

As to Gear's Title VII claims against DOE, we review de novo a district court's grant of summary judgment.  *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The district court correctly granted summary judgment as to Gear's claim of discriminatory suspension and termination because DOE provided evidence that its actions were based on Gear's disciplinary violations, and Gear provided no evidence—other than her own unsubstantiated denials—that this proffered legitimate justification was pretextual.  *See, e.g., St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).

Gear's hostile environment claim also fails because, even assuming *arguendo* that the alleged abusive conduct was sufficiently "severe or pervasive" under *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993), the claim is time-barred: the alleged racist conduct occurred more than 300 days before Gear filed her Equal Employment Opportunity Commission charge.  *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996).

Finally, the court properly granted summary judgment as to Gear's retaliation claims because Gear failed to establish a causal connection between any protected activity and adverse employment actions.  Gear's 2005 charge was too temporally remote from her 2007 termination to establish a causal connection, and her March 2007 charge was filed *after* she was suspended and terminated.  Gear's informal complaints cannot support a retaliation claim because Gear admitted that these complaints were unrelated to any arguable Title VII violation.  *See Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998) (explaining that "protected activity," requires a showing that the plaintiff "possessed a good faith, reasonable belief" that the conduct violated Title VII (internal quotation marks omitted)).

We have considered all of Gear's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3