15-2816-cv
*Ritchie Capital Management v. GECC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2015

(Argued:  April 27, 2016        Decided: May 11, 2016)

Docket No. 15-2816

_____

RITCHIE CAPITAL MANAGEMENT, L.L.C., RITCHIE CAPITAL MANAGEMENT, LTD.,
RITCHIE SPECIAL CREDIT INVESTMENTS, LTD., RHONE HOLDINGS II, LTD., YORKVILLE
INVESTMENT I, L.L.C.,

*Plaintiffs-Appellants*,

RITCHIE CAPITAL STRUCTURE ARBITRAGE TRADING, LTD.,

*Plaintiff*,

- v. -

GENERAL ELECTRIC CAPITAL CORPORATION,

*Defendant-Appellee.*

_____

Before:
            WALKER, CALABRESI, and HALL, *Circuit Judges*.

Ritchie Capital Management, L.L.C. and the four other plaintiffs-appellants appeal from an August 4, 2015 final judgment entered in the United States District Court for the Southern District of New York (Engelmayer, *J.*) dismissing plaintiffs-appellants' New York state claims for civil conspiracy to commit fraud and for aiding and abetting fraud because plaintiffs-appellants lacked standing and, in the alternative, because plaintiffs-appellants failed to state a claim upon which relief could be granted. We adopt and incorporate by

reference the well-reasoned standing analysis of the district court as set forth in *Ritchie Capital Management, L.L.C. v. General Electric Capital Corp.*, 121 F. Supp. 3d 321, 333–38 (S.D.N.Y. Aug. 4, 2015). We thus affirm the judgment of the district court on the grounds that plaintiffs-appellants lack standing; it is unnecessary to reach whether they have adequately pleaded claims for relief.

AFFIRMED.

ALEXANDRA A.E. SHAPIRO, Eric S. Olney and Daniel J. O'Neill, Shapiro Arato LLP, New York, NY, *for Plaintiffs-Appellants*.

Leo V. Leyva and James T. Kim, Cole Schotz P.C., New York, NY, *for Plaintiffs-Appellants*.

MILES N. RUTHBERG, Robert J. Malionek, Latham & Watkins LLP, New York, NY, *for Defendant-Appellee*.

Gregory G. Garre, Latham & Watkins LLP, Washington, DC, *for Defendant-Appellee*.

PER CURIAM:

Ritchie Capital Management, L.L.C. and the four other appellants (collectively, "Ritchie") appeal from an August 4, 2015 final judgment entered in the United States District Court for the Southern District of New York (Engelmayer, *J.*) that dismissed Ritchie's claims for lack of standing and, in the alternative, for failing to state a claim upon which relief could be granted. Ritchie

brought New York state law claims against General Electric Capital Corporation ("GECC") for civil conspiracy to commit fraud, for aiding and abetting fraud, and for negligence in connection with Thomas Petters' Ponzi scheme. GECC moved to dismiss the case, and the district court granted the motion, determining that Ritchie lacked standing to bring the conspiracy and aiding and abetting claims because the causes of action were the exclusive property of the Petters Estate and, in the alternative, that Ritchie failed to state a claim because Ritchie failed to plead proximate cause for the aiding and abetting claim and failed to plead an "overt act" for the civil conspiracy claim.[1] We affirm on the ground that the plaintiffs lack standing to assert the claims they have brought; thus we do not address whether Ritchie has adequately pled claims entitling appellants to relief.

The underlying facts, as alleged, are described in the district court's opinion. *See Ritchie Capital Mgmt. L.L.C. v. Gen. Elect. Capital Corp.*, 121 F. Supp. 3d 321, 325–30 (S.D.N.Y. Aug. 4, 2015). They may be summarized as follows.

---

[1] The district court also determined that Ritchie's negligence claim was time barred and, in any event, failed to state a claim because GECC did not owe a duty to Ritchie. Because Ritchie does not argue that the district court erred in dismissing its negligence claim we consider it abandoned on appeal. *See Gordon v. Softech Int'l, Inc.*, 726 F.3d 42, 47 n.1 (2d Cir. 2013).

3

Beginning in October 2000 GECC uncovered, joined, and profited from Petters' Ponzi scheme. GECC knowingly allowed Petters to use GECC's business reputation, a letter of recommendation, and documents containing misrepresentations by GECC to recruit new investors. Later, based in part upon GECC's relationship with Petters, Ritchie invested in Petters' scheme and suffered a monetary loss as a result of its investment.

After the Ponzi scheme came unraveled in 2008, Petters was convicted of fraud. As part of the ongoing bankruptcy proceedings in connection with the Petters-related companies, the Petters Estate Trustee ('Trustee") brought an action against GECC for fraudulent transfers rooted in the same conduct outlined above that underlies Ritchie's claims against GECC. GECC agreed to pay $19 million to the Trustee to settle all of the claims that the Petters Estate owned. *See* Settlement Agreement at 7–8, *In re Petters Co.*, No. 08-45257 (Bankr. D. Minn. June 28, 2012) ECF No. 1733. The district court determined that Ritchie lacked standing in this case because its claims were the sole property of the Petters Estate.

Appealing the district court's ruling on standing, Ritchie argues that its claims are not the property of the Petters Estate because they are particularized

to Ritchie, the Petters Estate could not bring them on its own, and if the Petters Estate had brought these claims, it would have been barred by the doctrine of *in pari delicto*. GECC argues that Ritchie's claims are the sole property of the Petters Estate because Ritchie suffered generalized harm that is common to all subsequent investors in Petters' scheme.

Having conducted a *de novo* review of the facts and arguments presented in this case, *see Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009), we conclude that Ritchie lacks standing to assert its claims because Ritchie has not alleged a particularized injury. In so holding, we adopt and incorporate by reference the well-reasoned standing analysis in section III part B(1) of the district court's opinion and order. *Ritchie*, 121 F. Supp. 3d at 333–38.

Ritchie argues that the district court abused its discretion by not allowing Ritchie the opportunity to amend the complaint. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011). We disagree. Ritchie did not ask the district court for leave to amend. *Id.* (noting that "[w]e have described the contention that the District Court abused its discretion in not permitting an amendment that was never requested as frivolous" (internal quotation omitted)). Furthermore, the district court's rules explicitly state that if a party does not elect to amend within

21 days of a motion to dismiss no further opportunity to amend will ordinarily be granted. Judge Paul A. Engelmayer, Individual Rules and Practices in Civil Cases R. 3(B). We find no error in the district court's decision to dismiss Ritchie's complaint with prejudice and without granting Ritchie leave to amend.

We have considered Ritchie's remaining arguments and found them to be without merit. The judgment of the district court is therefore affirmed.