In the
# United States Court of Appeals
## For the Second Circuit

August Term 2018

No. 17-3497-cv

JOHN Q. GALE, JOHN Q. GALE, LLC, FKA Gale & Kowalyshyn, LLC,

*Plaintiffs-Appellants*,

GALE & KOWALYSHYN, LLC,

*Plaintiff-Intervenor*,

v.

CHICAGO TITLE INSURANCE COMPANY, COMMONWEALTH LAND
TITLE INSURANCE COMPANY, FIRST AMERICAN TITLE INSURANCE
COMPANY, LAWYERS TITLE INSURANCE CORPORATION, individually
and as a successor in interest to Transnation Title Insurance Company, OLD
REPUBLIC NATIONAL TITLE INSURANCE COMPANY, STEWART TITLE
GUARANTY COMPANY, TICOR TITLE INSURANCE COMPANY, TICOR
TITLE INSURANCE COMPANY OF FLORIDA, FIDELITY NATIONAL
TITLE INSURANCE COMPANY, UNITED GENERAL
TITLE INSURANCE COMPANY,

*Defendants-Appellees*,

TRANSNATION TITLE INSURANCE COMPANY,

*Defendant*.

1

Appeal from the United States District Court
for the District of Connecticut
No. 6 Civ. 1619 (RNC), Robert N. Chatigny, District Judge, Presiding.
(Argued: April 30, 2019; Decided: July 9, 2019)

Before:       PARKER, WESLEY, and CARNEY, *Circuit Judges.*

John Q. Gale, a Connecticut attorney, sued a group of title insurance companies for allegedly violating a Connecticut law that allows only Connecticut attorneys to act as title agents in the state. The original complaint included class-action allegations, and the District Court exercised jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). After a number of years of litigation, Plaintiffs amended the complaint to remove all class-action allegations. The United States District Court for the District of Connecticut (Chatigny, *J.*) concluded that the withdrawal of the class-action allegations divested it of CAFA jurisdiction and dismissed the amended complaint. We agree and conclude that when jurisdiction-granting class-action allegations are removed from a complaint, a district court is divested of CAFA jurisdiction and the action must be dismissed.

**AFFIRMED.**

Mathew P. Jasinski, Motley Rice LLC, Hartford, CT, *for appellants John Q. Gale, John Q. Gale, LLC, FKA Gale & Kowalyshyn, LLC.*

Ross L. Hirsch (Arthur G. Jakoby, *on the brief*), Herrick, Feinstein LLP, New York, N.Y., *for appellees Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company,*

*Ticor Title Insurance Company of Florida,*
*Transnation Title Insurance Company.*

*Frank J. Silvestri, Jr., Verrill Dana LLP,*
*Westport, CT, for appellee Old Republic*
*National Title Insurance Company.*

*Gerard D. Kelly, Kevin M. Fee, Sidley*
*Austin LLP, Chicago, IL, for appellee Stewart*
*Title Guaranty Company.*

BARRINGTON D. PARKER, *Circuit Judge*:

Plaintiff-Appellant John Q. Gale is a Connecticut attorney, who, along with John Q. Gale, LLC, FKA Gale & Kowalyshyn, LLC, different iterations of his law firm (collectively "Plaintiffs"), sued Defendants-Appellees, a group of title insurance companies, alleging that they violated a Connecticut law that allows only attorneys admitted to practice in Connecticut to act as real estate title agents. In the original complaint, Plaintiffs included class-action allegations and maintained those allegations through three subsequent amendments to the original complaint. The District Court exercised federal jurisdiction over the initial and the amended complaints under the Class Action Fairness Act ("CAFA"), which confers jurisdiction when, among other things, the case "is a class action." 28 U.S.C. § 1332(d)(2).

After approximately twelve years of litigation, Plaintiffs filed a Fourth Amended Complaint ("FAC") that removed all class-action allegations and asserted only state law claims on behalf of the individual plaintiffs. The United States District Court for the District of Connecticut (Chatigny, *J.*) concluded that the withdrawal of the class-action allegations divested it of CAFA jurisdiction and dismissed the FAC without prejudice.

Plaintiffs appeal, principally contending that the amendment did not divest the District Court of jurisdiction. We agree with Judge Chatigny that when (i) federal jurisdiction in a case filed originally in federal court rests solely on CAFA, (ii) the jurisdiction-granting class-action allegations are eliminated from the complaint, and (iii) no new jurisdiction-granting allegations are added, the district court is divested of CAFA jurisdiction and must dismiss the complaint.

## BACKGROUND

John Q. Gale is a Connecticut attorney who also works as a real estate title agent, writing title policies. Generally, under Connecticut law, only attorneys licensed to practice in Connecticut may act as title agents in that state. *See* Conn. Gen. Stat. § 38a-402(13). Gale claims, however, that Defendants-Appellees, title

insurance companies that do business in Connecticut, have been employing for work as title agents individuals who are not licensed Connecticut attorneys.

In 2006, Gale sued Defendants, contending that they had tortiously interfered with business opportunities and violated Connecticut statutes regulating trade practices. Jurisdiction was predicated on CAFA. Gale sought to represent a class consisting of Connecticut attorneys and law firms that worked in the title insurance industry, and he sought injunctive and declaratory relief as well as damages. The District Court certified the class under Fed. R. Civ. P. 23(b)(2). In 2011 the Supreme Court decided *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), which held that a class could not be certified under Rule 23(b)(2) if the class sought monetary relief that was not merely incidental to the injunctive or declaratory relief sought, *id*. at 360. Since Gale's class sought monetary relief, Defendants moved to decertify the class. The District Court granted the motion but left open the possibility that a class could be certified in the future.

After the class was decertified, Plaintiffs informed the court that in order to facilitate the resolution of the case they would be willing to litigate the case in their individual capacities rather than as a class action. *See* Joint App'x 137

5

(Plaintiffs' letter to the District Court).[1] At a pre-trial conference addressing this request, Plaintiffs offered to "withdraw in any form the class allegations." Joint App'x 146. Defendants then explained that "the first order of business . . . is for Plaintiffs to move to amend" so that Defendants could "review [the FAC] and see the claims that are then asserted." Joint App'x 148. After this conference, Plaintiffs filed the FAC, which omitted the class-action allegations but added no new bases for federal jurisdiction. Defendants then moved to dismiss the complaint, arguing that the FAC's omission of the class action allegations had divested the court of CAFA jurisdiction.

The FAC does not allege any statutory basis for the District Court's jurisdiction other than CAFA. The District Court agreed with Defendants that CAFA jurisdiction was lacking and dismissed the complaint. Plaintiffs appealed. This Court reviews a district court's dismissal of a complaint for lack of subject

---

[1] Plaintiffs advised the court that they were willing to abandon their class claims and proceed exclusively with their individual claims so as to expedite matters while "eliminat[ing] any risk of violating the 'one-way intervention' rule." Joint App'x 137. (That judicially made rule bars class-action plaintiffs from seeking pre-class-certification merits rulings. *See, e.g., Brecher v. Republic of Argentina*, 806 F.3d 22, 26 (2d Cir. 2015)). Defendants expressed an openness to this proposal, provided, however, that Plaintiffs amend their complaint accordingly. Joint App'x 138, 148.

matter jurisdiction *de novo*. *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009).

**<u>DISCUSSION</u>**

**I.**

Plaintiffs' original complaint, as well as the first three amended complaints, contained class-action allegations under CAFA, which confers original jurisdiction over class actions where there is minimal diversity between the parties and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). No one disputes that CAFA jurisdiction existed when the case was initially filed and continued to exist until the FAC became the operative complaint. Both parties agree that after the class was decertified, the District Court still had CAFA jurisdiction because class-action allegations remained in the complaint. *See, e.g.*, *Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011) (stating that "denial of class certification does not divest federal courts of [CAFA] jurisdiction"); *see also F5 Capital v. Pappas*, 856 F.3d 61, 76-77 (2d Cir.), *cert. denied*, 138 S. Ct. 473 (2017). Therefore, the only question before us is whether the filing of the FAC, which omitted all class-action allegations, divested the District Court of CAFA jurisdiction and required dismissal. We agree that it did.

In *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007), the Supreme Court considered this situation. There the Court explained that both "the state of things" and "the alleged state of things" must support jurisdiction. *Id.* "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Id.* The Court went on to explain: "demonstration that the original allegations were false will defeat jurisdiction. So also will the withdrawal of those allegations, unless they are replaced by others that establish jurisdiction." *Id.* at 473 (internal citations omitted).[2] Neither party contends that the FAC introduced new jurisdiction-granting allegations.

*In Touch Concepts, Inc. v. Cellco Partnership* 788 F.3d 98, 101 (2d Cir. 2015), made clear that *Rockwell* applies to cases brought under CAFA. We explained

---

[2] The Court noted that this rule would not apply to cases that were removed to federal court: "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell*, 549 U.S. at 474 n.6. This is because, although a plaintiff is the master of his or her complaint, to allow a plaintiff to divest a federal court of jurisdiction by amending the complaint would allow that plaintiff to frustrate a defendant's federal right to remove the case and to be heard in a federal court. But this exception, the Supreme Court explained, applies only to removal cases because "removal cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment." *Id.* (emphasis omitted)

that "[i]n cases filed originally in federal court, . . . 'courts look to the amended complaint to determine jurisdiction.'" *Id*. (citing *Rockwell*, 549 U.S. at 473–74). We then stated, albeit in dicta, the general rule: "So if this case had been filed originally in federal court, the district court would have had to dismiss it as soon as [the plaintiff] filed the First Amended Complaint, which dropped all class-action allegations and thereby destroyed the only basis for federal jurisdiction." *Id*. These principles resolve this appeal.

Plaintiffs' main contention is that this case should be governed by the time-of-filing rule, which states that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). Plaintiffs claim that because this case was a class action when it was filed, the District Court continues to have CAFA jurisdiction after the FAC. This contention misunderstands the time-of-filing rule and, in any event, was rejected in *Rockwell*. In *Rockwell*, the Court emphasized that jurisdiction must be supported solely by the allegations in the amended complaint and made clear that "[t]he rule that subject-matter jurisdiction 'depends on the state of things at the time of the action brought,' does not suggest a different interpretation." *Rockwell*, 549 U.S. at 473 (internal citation

omitted). The time-of-filing rule applies to changes of the "state of things," but not to changes of the "*alleged* state of things." *Id.* (emphasis added). Therefore, because a court can look only to the amended complaint to ascertain jurisdiction, "withdrawal of those allegations [that support a court's jurisdiction]" will defeat jurisdiction "unless they are replaced by others that establish jurisdiction." *Id.* Therefore, by removing all class-action allegations in the FAC, Plaintiffs divested the District Court of CAFA jurisdiction.

## CONCLUSION

The judgment of the District Court is **AFFIRMED**.