Christopher BARRETT, Petitioner,

v.

UNITED STATES of America,
Respondent.

Docket No. 96–3094.

United States Court of Appeals,
Second Circuit.

Submitted Oct. 9, 1996.

Decided Dec. 18, 1996.

Amended Jan. 30, 1997.

Christopher Barrett, Minersville, PA, pro
se.

Before: LUMBARD and OAKES, Circuit
Judges.*

---

\* The Honorable J. Daniel Mahoney, who was a
member of the panel, died on October 23, 1996,
and the petition is being decided by the remain-
ing two members of the panel, who are in agree-
ment. *See* Local Rule § 0.14(b).

PER CURIAM:

Christopher Barrett, *pro se*, petitions for a writ of mandamus directing the District Court for the Eastern District of New York (Allyne R. Ross, *J.*) to rule upon petitioner's motion to vacate his guilty plea pursuant to 28 U.S.C. § 2255. The district court had already dismissed petitioner's motion and thus the petition is moot; however, we direct the district court to construe petitioner's Motion for Clarification below as a notice of appeal.

On September 6, 1995, Barrett pleaded guilty to aiding and abetting Joseph Scopo in using and carrying a firearm, in violation of 18 U.S.C. § 924(c), during and in relation to a conspiracy to murder Gregory Scarpa. Subsequently, the Supreme Court held in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), that § 924(c)'s "use" provision must be defined more narrowly than we previously had held it should be. *See United States v. Vasquez*, 85 F.3d 59, 60 (2d Cir.1996).

In March 1996, Barrett moved in the District Court for the Eastern District of New York pursuant to 28 U.S.C. § 2255 to vacate his guilty plea on the ground that, in light of *Bailey*, there was an insufficient factual basis for his plea. *See* Fed.R.Crim.P. 11(f). On June 7, 1996, Judge Ross issued an order to show cause directing the government to respond to the motion within twenty days, and allowing Barrett twenty days thereafter to reply.

On June 20, the government responded by letter brief. Four days later, well before Barrett's time in which to reply had elapsed, the district court denied Barrett's motion by writing the following by hand across the upper right corner of the government's letter brief:

> Because defendant's allocution at his guilty plea suffices to establish the essential elements of aiding and abetting the use and carrying of a gun by Joe Scopo, Jr. in connection with Scopo's conspiracy to murder Greg Scarpa to maintain or enhance the position of Scopo's father in a racketeering enterprise, his petition pursuant to 28 U.S.C. § 2255 is denied.

So ordered.

/s/ Allyne Ross, U.S.D.J.

6/24/96

cc: parties

Judge Ross's order was not docketed until July 3. Meanwhile, on July 1 Barrett had submitted his reply to the government's response to his motion, pursuant to the schedule set forth in the show cause order. On July 9, the district court wrote by hand across the top of Barrett's reply papers that the motion "was previously dismissed for the reasons set forth in the court's prior order."

In late July, Barrett filed what he styled a "Motion for Clarification by Chief Judge Charles Sifton." In the motion and an accompanying "affidavit letter," Barrett indicated that he filed the motion because he was "confused" by the handwritten endorsements and could only conclude that he was "not receiving any formal responses" to his § 2255 motion. Barrett expressed frustration that the absence of a "formal denial or responses [sic]" was preventing him from appealing any ruling on his § 2255 motion, and wrote that "[t]his is a notice of appeal in the event the Honorable Court is of the opinion that appealing is the appropriate action." This motion was transferred to Judge Ross, who denied it by yet another endorsement order written by hand across the top of the moving papers.

Barrett filed the instant petition with this court on September 9. In addition to seeking a writ of mandamus directing the district court to rule upon his § 2255 motion, Barrett's petition indicates that he was confused by the district court's informal endorsement orders and states that "[b]y not receiving any notification from the Court with an official notification, it is not known if the appeal time is triggered by the 'note' decision.... This Petitioner submits this document to the Appeals Court for a de nova [sic] review of this situation since he cannot receive any formal response from the district court."

■■■ We deny Barrett's mandamus petition as moot because Judge Ross disposed of Barrett's motion by her first endorsement order entered July 3, 1996. We are disturbed, however, by the district court's meth-

od of handling Barrett's § 2255 petition. Although handwritten endorsement orders may be an expeditious method of disposing of a variety of motions, care must be taken, especially where a party is proceeding pro se, to ensure that the order and its consequences are communicated clearly. That clarity can best be achieved if the endorsement (which may be either handwritten or typed) is placed on the face or the back of the notice of motion, and includes a clear statement of the disposition, such as "Summary judgment granted."

Placing a dispositive endorsement on papers other than the motion being adjudicated inevitably risks prejudicing parties by creating uncertainty as to whether the motion has been adjudicated and, with respect to appealable orders, is ripe for appeal. Moreover, an endorsement placed upon briefs or other supporting or opposing papers threatens the appearance of justice so essential to public confidence in the judicial process, see *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 2204–05, 100 L.Ed.2d 855 (1988), by conveying an air of indifference unbefitting judicial process.

In this case, the endorsement orders denying the section 2255 motion were written, not on the face of the motion, but instead on the Government's letter brief and later on Barrett's reply papers. The placement of both endorsements understandably left Barrett uncertain as to whether his motion had been formally adjudicated and was ripe for appeal. The appearance of injustice was emphasized by the district court's entry of its order before receiving the reply papers which the show cause order had expressly contemplated.

■ Although the district court's failure to set forth its order clearly might have significantly prejudiced Barrett by leading him to consume the remaining time in which to appeal with the instant petition, see Fed. R.App. P. 4(a)(1) (appeal in case to which United States is a party must be filed within 60 days after entry of order appealed from), Barrett has not lost the opportunity to appeal. The district court should have treated his Motion for Clarification as a notice of appeal, as expressly requested by Barrett in those papers. Rule 3 of the Federal Rules of Appellate Procedure provides in relevant part:

A notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal.... A notice of appeal also must designate the judgment, order, or part thereof appealed from, and must name the court to which the appeal is taken. An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

Fed.R.App.P. 3(c). As the last-quoted sentence of Rule 3 indicates, the requirement of timely notice of appeal will be satisfied "if the litigant's action is the functional equivalent of what the rule requires," *Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 681–82, 116 L.Ed.2d 678 (1992), and we take "a liberal view of papers filed by indigent and incarcerated defendants, as equivalents of notices of appeal." *Coppedge v. United States*, 369 U.S. 438, 442 n. 5, 82 S.Ct. 917, 919 n. 5, 8 L.Ed.2d 21 (1962); see also *Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir.1990). A pro se party's filing will suffice as a notice of appeal so long as it "evinces an intent to appeal an order or judgment of the district court and appellee has not been prejudiced or misled by the notice." *Id.*

Under this liberal standard, Barrett's Motion for Clarification qualifies as a notice of appeal. His supporting affidavit expressly states that "[t]his is a notice of appeal in the event the Honorable Court is of the opinion that appealing is the appropriate action," and thus clearly evinces an intent to appeal, notwithstanding that the notice was combined with the motion in one document. See *Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861–62 (10th Cir.1995) (notice of appeal not invalidated "by its presentation in the same document as a separate motion"); see also *Smith*, 502 U.S. at 249, 112 S.Ct. at 682 (appellate brief may serve as notice of appeal).

■ Petitioner's motion also adequately "specif[ies] the parties taking the appeal, designate[s] the judgment appealed from,

and identif[ies] the court to which the appeal is taken," *Nichols v. Board of Trustees of Asbestos Workers Local 24 Pension Plan,* 835 F.2d 881, 889 (D.C.Cir.1987), to "accomplish the dual objectives of (1) notifying the court and (2) notifying opposing counsel of the taking of an appeal." *Van Wyk El Paso Inv., Inc. v. Dollar Rent–A–Car Systems,* 719 F.2d 806, 807 (5th Cir.1983) (per curiam). First, Rule 3(c) itself provides that "[a] notice of appeal filed pro se is filed on behalf of the party signing the notice," and thus the pro se motion adequately identifies the party taking the appeal. Second, designation of the judgment appealed from is sufficient "as long as the intent to appeal from a specific judgment can be fairly inferred." *Matarese v. Le-Fevre,* 801 F.2d 98, 105 (2d Cir.1986) (internal quotation marks omitted). Barrett's Motion for Clarification makes reference only to his § 2255 motion and Judge Ross's purported failure to rule upon it, and thus it is clear that any appeal would be from Judge Ross's disposition of that motion. *See Krause v. Bennett,* 887 F.2d 362, 367 n. 2 (2d Cir.1989). Finally, although Barrett failed to specify this court as that to which he was taking his appeal, review of the district court's order could be had only in this court. *See* 28 U.S.C. §§ 2255, 2253. The United States Attorney is fully aware that appeals from the Eastern District of New York lie to this court, and thus was on notice regarding the court to which appeal was taken. *See Grune,* 913 F.2d at 43; *Graves v. General Ins. Corp.,* 381 F.2d 517, 520 (10th Cir.1967) (notice of appeal was sufficient even though it erroneously recited court to which appeal was being taken; "[t]he United States Court of Appeals for the Tenth Circuit is the only court to which an appeal could have been taken.") Accordingly, we conclude that the Motion for Clarification sufficed as a notice of appeal, and that the district court should have treated it as such.

Leave to proceed in forma pauperis is granted and the petition for a writ of mandamus is denied. The district court is directed to construe the Motion for Clarification as a notice of appeal filed July 26, 1996.