**Kleo K. KYRIAZI, Plaintiff–Appellant,**

v.

**Donald RUMSFELD, Defendant–
Appellee,**

Nos. 01–6268, 02–6050.

United States Court of Appeals,
Second Circuit.

May 16, 2003.

Kleo K. Kyriazi, New York, NY, for Appellant, pro se.

Ramon E. Reyes, Jr., Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Gideon A. Schor, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, MINER, and McLAUGHLIN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Kleo K. Kyriazi ("Kyriazi") appeals from the district court's January 25, 2001 judgment dismissing all of her claims and its February 13, 2002 order dismissing her motion pursuant to Fed.R.Civ.P. 60(b) as untimely. We affirm.

Between October 1997 and April 1998, Kyriazi filed three complaints, *pro se*, against her employer the United States Department of Defense's Defense Logistics Agency (the "DLA"), a federal agency. In sum and substance, she alleged that the DLA discriminated against her by subjecting her to unequal terms of employment, retaliating against her for various grievance filings, and subjecting her to a hostile work environment on the basis of age, gender and national origin, all in violation of Title VII of the Civil Right Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA").

On May 11, 2000, the district court dismissed, pursuant to Fed.R.Civ.P. 12(b)6, Kyriazi's claim of discrimination based on the Equal Employment Office's ("EEO") processing of her complaints, and dismissed her discriminatory hiring and promotion claims pursuant to Fed.R.Civ.P. 56.

Kyriazi obtained counsel and presented her retaliation and hostile work environment claims at a jury trial. At the close of the evidence, the court dismissed the retaliation claim pursuant to a defense motion for judgment as a matter of law, leaving only the hostile work environment claim. The jury returned a verdict for the defendant on that claim and the district court entered a judgment on January 25, 2001, dismissing all three complaints.

Kyriazi subsequently undertook to represent herself. The court tolled the time in which to take an appeal until January 31, 2001. In a letter received by the district court's *Pro Se* Office on March 2, 2001, Kyriazi requested "an extension of a

submitted notice of appeal," enclosed a notice-of-appeal form dated February 2, 2001 (at the top of which she wrote "it is an exhibit"), and informed the court that she planned to move for relief from the judgment pursuant to Fed.R.Civ.P. 60(b). Kyriazi then filed a notice of appeal docketed November 20, 2001.

On December 26, 2001, she moved in this Court to withdraw her notice of appeal without prejudice to reinstatement. This court granted her motion on January 14, 2002, and required her to move to reinstate her appeal within thirty days of the district court's disposition of the Rule 60(b) motion. On January 15, 2002, Kyriazi filed a Rule 60(b) motion in the district court, which was denied as untimely and, in the alternative, on the merits in an order dated February 13, 2002. On February 28, 2002, Kyriazi timely filed a notice of appeal of the district court's denial of her Rule 60(b) motion. On March 1, 2002, she moved for reinstatement of her appeal of the district court's original judgment. This Court granted the motion to reinstate her appeal of the January 25, 2001 judgment and consolidated the appeals.

■ As an initial matter, because the timely filing of a notice of appeal is "mandatory and jurisdictional," we consider whether Kyriazi's appeal of the January 25, 2001 judgment was timely filed. *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). In a civil case in which an officer or agency of the United States is a party, Fed. R.App. P. 4(a)(1) requires an appellant to file a notice of appeal within sixty days of the entry of the judgment appealed from. Accordingly, because the district court tolled the time in which Kyriazi could have taken an appeal until January 31, 2001, she had until March 31, 2001 to file a notice of appeal. Although no formal notice of appeal was docketed until November 20, 2001, we find that Kyriazi's March 2, 2001 letter to the district court requesting an extension of time in which to file a notice of appeal is sufficient notice of appeal. *Barrett v. United States*, 105 F.3d 793, 795 (2d Cir.1996) (per curiam) (document satisfies notice of appeal requirement if it "evinces an intent to appeal an order or judgment of the district court and appellee has not been prejudiced or misled by the notice"). In the instant case, the defendant declared in his brief that he would accept the motion as notice, and accordingly claims no prejudice.

■ Turning to the substance of Kyriazi's appeal, we find that none of her arguments has merit. First, she challenges the district court's dismissal of her claim that the EEO of the DLA discriminated against her by failing to efficiently process her claim. We have held that an employee of a private employer may not bring such a complaint against the Equal Employment Opportunity Commission, *see Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir.1997) (per curiam), and see no reason why "she, as a federal employee, should be given an implied failure-to-process cause of action under Title VII that has been consistently denied to private plaintiffs," *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir.2000).

■ Second, we affirm the district court's grant of defendant's summary judgment motion with respect to Kyriazi's hiring and promotion claims. Kyriazi failed to present evidence suggesting that any of the allegedly adverse employment action took place under circumstances suggesting that it was motivated by her membership in the protected class, rendering summary judgment appropriate. *See Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 98–99 (2d Cir.2001).

Third, with respect to Kyriazi's retaliation claim, we affirm the district court's grant of defendant's motion for judgment as a matter of law. Reviewing the record *de novo, see Provost v. City of Newburgh,* 262 F.3d 146, 154 (2d Cir.2001), we find that Kyriazi's evidence at trial was insufficient to permit a reasonable juror to find that she was subjected to an adverse employment action as a result of her complaints to the EEO.

 Fourth, Kyriazi attacks the jury's verdict rejecting her hostile work environment claim on several bases, including insufficiency of the evidence and alleged defense counsel and judicial misconduct. Kyriazi's contention that the jury verdict was against the weight of evidence is completely unfounded: At trial, defendant proffered sufficient evidence to show that the conduct of which she complained was not pervasive, that she contributed to the creation of the complained-of environment with her own discriminatory remarks, and that the hostility could not be imputed to her employer. We do not reach Kyriazi's contention that her counsel and the district judge engaged in misconduct because those issues were raised only in her untimely Rule 60(b) motion.

 Finally, we affirm the district court's ruling denying Kyriazi's Rule 60(b) motion as untimely. Rule 60(b) states that "[t]he motion shall be made within a reasonable time, and for reasons [of mistake, newly discovered evidence, or fraud] not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b). Kyriazi filed her Rule 60(b) motion two weeks short of a year from the date on which the district court entered its final judgment. As this court has noted, where a Rule 60 motion is made just inside the one-year limitations period, "there [is] a corresponding increase in the burden that must be carried to show that the delay was reasonable." *Amoco*

*Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation,* 605 F.2d 648, 656 (2d Cir.1979) (internal quotation marks omitted). Kyriazi's complaints of ill health during the summer of 2001 do not satisfactorily explain why she filed her motion in January of 2002.

We have considered appellant's other arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**