Karen CORTESE, Plaintiff-appellant,

Christopher Cortese, Plaintiff,

v.

NEW FAIRFIELD BOARD OF
EDUCATION, Defendant-
appellee.

No. 05–6503–cv.

United States Court of Appeals,
Second Circuit.

Dec. 26, 2006.

Karen Cortese, pro se, New Fairfield, CT, for plaintiff-appellant.

Thomas R. Gerarde (Chirstopher J. Picard, on the brief), Howd & Ludorf, LLC, Hartford, CT, for defendant-appellee.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Karen Cortese ("Cortese") appeals from an October 19, 2005 order of the United States District Court for the District of Connecticut (Hall, J.), granting the motion of the Board of Education ("Board") to dismiss Cortese's amended complaint. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

On August 24, 2006, we granted the Board's motion to dismiss the appeal insofar as it raises claims belonging to Cortese's son, Christian Cortese ("Christian"). We subsequently granted Cortese's motion for reconsideration. Cortese and Christian argue that they are both parties to this appeal because the notice of appeal was signed by and filed on behalf of both mother and son. We hold that Christian is a party to this appeal because the notice of appeal filed in this case was sufficient to serve as an appeal of the district court's denial of the motion to join him as a party to the underlying action. Appellants' notice of appeal, dated September 26, 2006, and signed by both Cortese and her son, Christian, makes clear that both are appealing from Judge Hall's final judgment. Moreover, appellants' brief in this matter, dated March 26, 2006, contains a section specifically addressing the district court's denial of appellant's motion to join her son as a party. Courts are to construe liberally the requirements of Fed. R.App. P. 3. *See, e.g., State Trading Corp. of India v. Assuranceforeningen Skuld,* 921 F.2d 409, 412–13 (2d Cir.1990) ("[W]e are guided by the principle that the requirements of the rules should be liberally construed."). Here, appellants' notice of appeal adequately "specif[ies] the parties taking the appeal, designate[s] the judgment appealed from, and identif[ies] the court to which the appeal is taken, to accomplish the dual objectives of (1) notifying the court and (2) notifying opposing counsel of the taking of an appeal." *Barrett v. United States,* 105 F.3d 793, 795–96 (2d Cir.1996) (internal quotation marks and citations omitted). Accordingly, we construe the notice of appeal and underlying briefs to argue that the district court erroneously denied appellants' motion to join Christian as a party to prosecute the claims that were appropriately his under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*

■ We review a district court's denial of a motion to join a party for abuse of discretion. *Jonesfilm v. Lion Gate Int'l,* 299 F.3d 134, 139 (2d Cir.2002). The district court denied appellants'· motion to join her son as a party because "the Court cannot add Christian Cortese unless he is represented by counsel." Appellant filed her motion for joinder in the district court on September 21, 2005. The brief clearly stated that Christian would reach majority on September 29, 2005—only eight days after the brief was filed. The district court denied appellants' motion on October 18, 2005, after Christian had reached majority and could, at that point, represent himself before the court. We hold that the district court abused its discretion in denying the motion to join Christian as a party, where the sole articulated basis for its decision was Christian's lack of majority, which he attained in the time period between the filing of the motion and the district court's ruling on it.[1] We therefore vacate this Court's order of August 24, 2006, dismissing Christian's claims, and remand to the district court for consideration of those claims with Christian as a party to the action.

■ With respect to any claims that belong to Cortese, we review de novo the district court's dismissal under 28 U.S.C. § 1915(e). *See Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). We construe pro se complaints liberally, to raise the strongest arguments they suggest. *Jorgensen v. Epic/Sony Records,* 351 F.3d 46, 50 (2d Cir.2003). In addition, a pro se plaintiff should be afforded the opportunity "to amend his [or her] complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be,

that an amended complaint would succeed in stating a claim." *Cruz v. Gomez,* 202 F.3d 593, 597–98 (2d Cir.2000). Under the IDEA, both parents and students receive the benefits of certain procedural protections. *See Polera v. Bd. of Educ.,* 288 F.3d 478, 482 (2d Cir.2002) ("The IDEA requires that states offer *parents* of a disabled student an array of procedural safeguards designed to help ensure the education of their child ...." (emphasis added)). Thus, the court should have considered whether Cortese's allegations of procedural defects implicated her rights under the IDEA as the parent of a disabled student. In addition, while the district court appropriately questioned whether the Board was the proper defendant, it erred in apparently accepting the Board's factual assertion in this regard without either clarifying the record or allowing Cortese to amend the complaint. As the record now stands, it is unclear what the Board's involvement or responsibility in the hearings was or whether, under the IDEA, the Board was required to provide Cortese with notice and/or other procedural protections at any stage in the proceedings. The district court, which was in the best position to assess the validity of such claims, should have conducted an inquiry into these allegations. Finally, even if the district court was correct in finding that Cortese's claims against the hearing officer did not properly lie against the Board, the district court should have also determined whether Cortese should be granted leave to amend the complaint, to the extent it would not have been futile, in order to name additional parties. *See Ronzani v. Sanofi S.A.,* 899 F.2d 195, 198 (2d Cir.1990) ("When a motion to dismiss is granted, the usual practice is to grant leave to

---

1. We note that, now that Christian has reached the age of majority and is a party to this action, he must either represent himself or retain counsel; his mother cannot represent him. We further note that, to the extent that claims are remanded to the district court for consideration, those claims rightly appertain to Christian, and not to his mother.

amend the complaint." (internal quotation marks omitted)).

Finally, we note that, although neither appellant nor her son is entitled to compensatory or punitive damages for the procedural or substantive violations she alleges, *see Polera,* 288 F.3d at 486, appellant may well be entitled to reimbursement of educational expenses, *see Walczak v. Fla. Union Free Sch. Dist.,* 142 F.3d 119, 129 (2d Cir.1998). To that end, we note for the district court's consideration that, at oral argument, appellant claimed she was financially eligible for appointment of *pro bono* counsel.

Accordingly, for the reasons set forth above, Cortese's motion for reconsideration is hereby **GRANTED,** and the judgment of the district court is hereby **VACATED** and **REMANDED** for further proceedings.