09-4737-cv
Hunter v. Superintendent-Colonial Park

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT:
>> John M. Walker, Jr.,
>> Chester J. Straub,
>> Gerard E. Lynch,
>>> *Circuit Judges.*

---

Ernest A. Hunter*,*
>> *Petitioner-Appellant*,

> -v.-                                                                 09-4737-cv

Colonial Park, Superintendent,
>> *Respondent-Appellee.*

---

FOR APPELLANT:        Ernest A. Hunter, *pro se*, New York, New York.

FOR APPELLEE:         Preet Bharara, United States Attorney, Michael J. Byars, Assistant United States Attorney, New York, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND**

**DECREED** that the district court judgment is **AFFIRMED**.

Petitioner-Appellant Ernest A. Hunter, *pro se*, appeals from the October 6, 2009 order of the United States District Court for the Southern District of New York (Berman, *J.*) denying as moot his petition for mandamus under 28 U.S.C. § 1361. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

The dismissal of an action as moot is reviewed *de novo*. *See County of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 139 (2d Cir. 2010). Under Article III, Section 2 of the United States Constitution, the federal courts lack jurisdiction to decide questions that cannot affect the rights of litigants before them. *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). When a court is presented with issues that "are no longer 'live'" or when the parties "lack a legally cognizable interest in the outcome," the case is moot and, therefore, outside the federal court's jurisdiction. *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 354 F.3d 120, 122-23 (2d Cir. 2003) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Hunter filed a petition in June 2009 requesting that the district court issue a writ of mandamus ordering the Colonial Park office of the United States Postal Service ("USPS") to forward his mail to a certain post office box ("P.O. box"). The petition, however, alleged that his mail had already begun to be forwarded as of May 2009. Given that Hunter had obtained the relief he sought—forwarding his mail to the P.O. box—the district court correctly concluded that his petition was moot. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("A case is deemed moot where the problem sought to be remedied has ceased, and where there is no reasonable expectation that the wrong will be repeated.") (internal quotation marks and citation omitted).

To the extent that Hunter challenges the district court's reliance on the declaration of a USPS employee, his claim is without merit. In considering a motion to dismiss for lack of subject

matter jurisdiction, a court may consider "evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In any event, the district court's decision was also supported by Hunter's own allegation that his mail had been forwarded since May 2009, and his submissions make clear that his mail was, in fact, being forwarded.

As to Hunter's contention that he was unaware that his petition could be dismissed at oral argument, a district court is not required to provide a *pro se* litigant with notice that his case can be dismissed once the adverse party seeks dismissal. Moreover, the record indicates that, although the Government did not file a formal motion to dismiss, it informed the court and Hunter that it intended to move to dismiss on mootness grounds. The court then directed Hunter to respond and scheduled oral argument on the issue. Hunter, therefore, was provided with both notice that his petition could be dismissed and an opportunity to oppose. *Cf. Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (finding that, in general, before a court dismisses a complaint *sua sponte*, it should "afford[] a plaintiff the opportunity to be heard in opposition").

Finally, to the extent that, in the district court, Hunter opposed dismissal on the ground that the USPS refused to forward his mail indefinitely, the petition was properly dismissed. *See Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010) (noting that this Court may affirm the district court on any ground appearing in the record). The district court's jurisdiction under the mandamus statute is limited to actions "seeking to compel the performance of a *non discretionary* duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004). Post Office regulations make clear that any extension of mail forwarding beyond the normal time limit is entirely at the discretion of the postmaster. USPS Domestic Mail Manual § 2.1.2. Neither the USPS nor any of its employees has a mandatory duty to forward Hunter's mail indefinitely. The district court therefore properly concluded that it lacked jurisdiction over this component of Hunter's petition.

We have considered all of Hunter's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk