**XIAN YONG ZENG, ON BEHALF OF his spouse TIE LIU, Plaintiffs,**

v.

**John KERRY, United States Secretary of State, et al. Defendants.**

**16 Civ. 6996 (AMD)**

United States District Court, E.D. New York.

Signed 07/19/2017

Xian Yong Zeng, Elmhurst, NY, pro se.

---

Matthew Silverman, United States Attorney's Office, Brooklyn, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

ANN M. DONNELLY, District Judge.

### INTRODUCTION

On December 19, 2016, the plaintiff, appearing *pro se*, filed this action pursuant to 28 U.S.C. § 1361, seeking an order directing the defendants to adjudicate an immigrant visa application ("the application") that the plaintiff filed on behalf of his spouse. The defendants, the Department of State, Department of Homeland Security, and the Department of Justice, filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that the Department of State has already adjudicated the application, rendering the plaintiff's claim moot. For the reasons set forth below, I grant the defendants' motion and dismiss the plaintiff's complaint for lack of subject matter jurisdiction.

### BACKGROUND

The plaintiff, Xian Yong Zeng, is a United States citizen who resides in Elmhurst New York. His wife, Tie Liu, resides in China. (Compl., ECF 1 at 2.) He argues that Liu has been unable to join him in the United States due to a delay in adjudicating her DS 230–Application for Immigration Visa and Alien Registration. (*Id.*).

On November 23, 2009 the plaintiff filed an I–130 Petition for Alien Relative on behalf of his wife. (*Id.* at 4.) The application was approved by United States Citizen and Immigration Services (USCIS) on March 25, 2010. (*Id.* at 7.) On June 9, 2011, the National Visa Center processed the application and transferred the case to the American Consulate in Guangzhou, China; the Consulate interviewed Liu on August 16, 2011 and requested further information to confirm that her marriage to the plaintiff was in good faith. (*Id.* at 4.) The Consulate also requested a waiver to show extreme hardship in the event that her visa application was denied. (*Id.*)

On September 20, 2011, the Consulate refused Liu's visa application, pursuant to 212(a)(6)(C)(i) of the Immigration and Nationality Act, finding that she had made a material misrepresentation in order to obtain an immigration benefit. (Decl. of Chole Dybdahl ("Dybdahl Decl."), ECF 8, Ex. 3 at 1–2.) According to a declaration by Chloe Dybdahl, the Chief of the Advisory Opinions Division in the Office of Legal Affairs of the Visa Office at the Bureau of Consular Affairs, Liu lied about her employment. (*Id.*) On February 7, 2017, the Consulate reissued a refusal of the application, and included instructions for applying for a waiver of admissibility. (*Id.* at 2.)

The plaintiff argues that "no action has been taken" regarding his wife's application for an immigrant visa, and that the defendants "willfully" and "unreasonably" refused to adjudicate his application for her, thereby depriving him of the opportunity to live with his wife in the United States. (Compl. at 4.)

### DISCUSSION

#### I.  Standard of Review

In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A *pro se* complaint

is "liberally construed and ... however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citations and quotations omitted).

A party may move to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) where there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1); *see also Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (Dismissal of a case under Rule 12(b)(1) is proper "when the district court lacks the statutory of constitutional power to adjudicate" the case.) When challenging subject matter jurisdiction under Rule 12(b)(1), defendants may present evidence "by affidavit or otherwise" without converting their motion into one for summary judgment. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (citation omitted); *see also All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 89 (2d Cir. 2006) ("The presentation of affidavits on a motion under Rule 12(b)(1), however, does not convert the motion into a motion for summary judgment under Rule 56."). Nevertheless, the "court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).

## II.   Federal Jurisdiction

Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to "cases" and "controversies," thus "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *Defunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (quoting *Liner v. Jafco*, 375 U.S. 301, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964)). "When a court is presented with issues that 'are no longer live' or when the parties 'lack a legally cognizable interest in the outcome,' the case is moot and, therefore, outside the federal court's jurisdiction. *Hunter v. Colonial Park, Superintendent*, 409 Fed.Appx. 411 (2d Cir. 2011) (quoting *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 354 F.3d 120, 122–23 (2d Cir. 2003) (internal quotation marks omitted)). An action seeking to direct a federal official to perform an act that the official has already performed is moot. *Aizah v. Holder*, 12. Civ. 6020, 2013 WL 1282345, at *1 (E.D.N.Y. March 28, 2013); *Barrett v. United States*, 105 F.3d 793 (2d Cir. 1997).

In this case, the plaintiff wants the Court to order the defendants to adjudicate his wife's visa application, but the Consulate has already done so; it reviewed and refused the application because the plaintiff's wife allegedly made material misrepresentations regarding her employment. (ECF 8, Ex. 3 at 1–2.) The Consulate denied the application again on February 9, 2017. (*Id.* at 2.) The plaintiff does not dispute that the Consulate denied the visa application; rather, he argues that their determination was incorrect.[1]

Because the Consulate has issued a decision on the application, the plaintiff's request to direct the Consulate to adjudicate

---

1.  To support his claim that this Court may review the merits of the Consulate's determination, the plaintiff cites *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 261, 74 S.Ct. 499, 500, 98 L.Ed. 681 (1954), which involved a habeas petitioner who challenged the denial of his application to suspend his deportation proceedings. That case is inapplicable here; federal courts have jurisdiction to review deportation decisions under the general habeas corpus statute, 28 U.S.C. § 2241, *Henderson v. I.N.S.*, 157 F.3d 106, 109 (2d Cir. 1998), but—as discussed below—not to review a consular officer's decision to deny a visa application. *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009).

the application is moot. *Lihua Jiang v. Clinton*, No. 08-CV-4477, 2011 WL 5983353, at *3 (E.D.N.Y. Nov. 28, 2011). Because federal courts are precluded from reviewing moot claims, the plaintiff's claim is dismissed for lack of subject matter jurisdiction.

### III. Motion to Amend

The plaintiff has moved to amend his complaint and has filed a proposed amended complaint, challenging the Consulate's determination that his wife lied about her employment. (ECF 14 at 4.) According to the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the court may deny leave to amend if amendment would be futile. *John Hancock Mut. Life Ins., Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). ("Undue delay and futility of the amendment, among other factors, are reasons to deny leave.") In this case, the plaintiff seeks to amend his complaint to challenge the consulate's finding of fraud. Pursuant to the non-reviewability doctrine, however, "a consular officer's decision to deny a visa is immune from judicial review." *Am. Acad. Of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009). Thus, because the court lacks subject matter jurisdiction over a challenge to the consulate's rejection of a visa application, amendment of the complaint is futile, and the plaintiff's motion is denied.

### CONCLUSION

Since the plaintiff's claim is moot, the Court lacks subject matter jurisdiction. The defendants' motion to dismiss is GRANTED and the case is DISMISSED.

SO ORDERED.