15-1128-pr
McMillian v. Cnty. of Onondaga, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand seventeen.

PRESENT:  JOHN M. WALKER, JR.,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
          JOHN F. KEENAN,
                    *District Judge*.*

------------------------------------------------------------------

FREDERICK MCMILLIAN,

     *Plaintiff-Appellant*,

    v.                                    No. 15-1128-pr

THE COUNTY OF ONONDAGA, RICHARD CARBERY,
CHIEF ADMINISTRATOR, LEAH LAMERE,

     *Defendants-Appellees*,

---

* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

ONONDAGA COUNTY SHERIFF'S DEPARTMENT, THE CITY OF SYRACUSE, SYRACUSE CITY POLICE DEPARTMENT, TOWN OF DEWITT, THE ONONDAGA COUNTY JUSTICE CENTER, DEWITT POLICE DEPARTMENT, FRANK L. FOWLER, CHIEF OF POLICE, SYRACUSE POLICE DEPARTMENT,

*Defendants.*

------------------------------------------------------------------

FOR APPELLANT: Frederick McMillian, *pro se*, Alden, NY.

FOR APPELLEES: Robert A. Durr, Carol L. Rhinehart, Onondaga County Department of Law, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).   UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Frederick McMillian, proceeding pro se, appeals from a judgment of the District Court granting summary judgment to the defendants and dismissing his complaint in this Section 1983 action.[1]   McMillian alleges that the defendants

---

[1] While McMillian's notice of appeal is from the District Court's vacated March 26, 2015 judgment, we nevertheless have jurisdiction over this appeal because we construe McMillian's April 2, 2016 letter requesting that this appeal be "reactivated" as a timely notice of appeal from the March 29, 2016 judgment.   See Barrett v. United States, 105 F.3d 793, 795 (2d Cir. 1996); Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995).

violated his constitutional rights while he was in pretrial detention at the Onondaga County Justice Center ("OCJC"). On appeal, McMillian argues that (1) genuine disputes of material fact preclude summary judgment, (2) the District Court should have permitted him additional discovery before ruling on the defendants' summary judgment motion, and (3) the District Court should have imposed sanctions on the defendants. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The District Court properly granted summary judgment on McMillian's First Amendment retaliation claim. To establish a claim of retaliation under the First Amendment, a plaintiff must show that he engaged in constitutionally protected speech or conduct and that the protected activity was a substantial motivating factor for "adverse action" taken against him by the defendants. Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003). "Regardless of the presence of retaliatory motive, . . . a defendant may be entitled to summary judgment if he can show . . . that even without the improper motivation the alleged retaliatory action would have occurred." Scott v. Coughlin, 344 F.3d 282, 287–88 (2d Cir. 2003).

3

Here, the undisputed record shows that McMillian was placed on suicide watch because he made suicidal statements while at the OCJC.   McMillian's conclusory assertion that he never made suicidal statements does not raise a genuine factual dispute given the numerous pieces of record evidence to the contrary, and because McMillian's affidavit does not specifically deny that he said he "[didn't] feel like being alive" when he was admitted to the OCJC.   See Baez v. JetBlue Airways Corp., 793 F.3d 269, 274 (2d Cir. 2015).

The District Court also properly granted summary judgment on McMillian's due process claims challenging the conditions of his confinement while on suicide watch.   To succeed on these claims, McMillian had to show that (1) "the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness" and (2) the defendants acted intentionally to impose the alleged conditions or recklessly failed to mitigate the risk that the conditions posed to him even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.   Darnell v. Pineiro, 849 F.3d 17, 30, 35 (2d Cir. 2017) (quotation marks omitted).   McMillian

4

presented no evidence that the suicide prevention program posed an excessive risk to his health and safety, or that it was not a program "reasonably related to a legitimate, nonpunitive governmental purpose," namely, protecting inmates at risk of committing suicide.  Id. at 34.

We also affirm the dismissal of McMillian's First Amendment claim relating to access to a telephone and the price of placing a collect call, albeit on grounds different than those relied upon by the District Court.  See Leon v. Murphy, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law.").  Assuming, without deciding, that a prisoner has a limited right to use a telephone to communicate with his attorney and perhaps others, see Wolfish v. Levi, 573 F.2d 118, 126 (2d Cir. 1978), rev'd on other grounds sub nom. Bell v. Wolfish, 441 U.S. 520 (1979), we conclude that there is no record evidence that McMillian's inability to use a telephone affected his legal rights or otherwise prevented access to his attorney or the courts, see Davis v. Goord, 320 F.3d 346, 351-52 (2d Cir. 2003). With respect to communication with his family, the record shows that McMillian

was able to use the telephone and was also given free materials with which to write letters.

We have considered all of McMillian's remaining arguments (including those relating to additional discovery and sanctions) and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the District Court.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk