ROSLYNN R. MAUSKOPF, United States District Judge
Pro se plaintiff Kuai Le Chen brings this mandamus action pursuant to 28 U.S.C. § 1361, seeking an order directing defendants to adjudicate three immigration-related applications. (Compl. (Doc. No. 1).) Defendants, the Secretary of the United States Department of Homeland Security ("DHS") and the national and district directors of United States Citizenship and Immigration Services ("USCIS"),[1] move to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) on the ground that USCIS has already adjudicated the applications, thereby rendering Le Chen's claim moot. (Defs. Mem. (Doc. No. 18).)
*294 For the reasons set forth below, defendants' motion is granted and the case is dismissed.
BACKGROUND
The following facts are derived from Le Chen's complaint, the allegations of which are accepted as true for the purposes of this Order, and from exhibits attached to defendants' motion to dismiss.[2]
Le Chen is a citizen of China. (Compl. at 2.) After coming to the United States, Le Chen petitioned for asylum with the help of an immigration attorney, Vanessa Bandrich. (Id. at 15.) On February 9, 2011, USCIS granted Le Chen asylum status. (Id. ¶ 1.) On March 1, 2011, Le Chen filed I-730 Refugee/Asylee Relative Petitions (the "I-730 Petitions") on behalf of his wife and daughter. (Id. ¶ 3.) On February 21, 2012, he filed an I-485 Application to Register Permanent Residence or Adjust Status (the "I-485 Application") on his own behalf. (Id. ¶ 2.) Over the next five years, Le Chen repeatedly followed up on these filings, trying without avail to elicit a disposition from USCIS. (Id. ¶¶ 4-17.) Meanwhile, during roughly the same period, Bandrich was indicted, prosecuted, and convicted for participation in a large-scale asylum fraud. (Ex. B to Decl. of Lisa D. Kutlin ("Kutlin Decl.") (Doc. No. 19-2) at 2.)
On August 10, 2017, Le Chen filed the instant action, seeking a writ of mandamus from this Court compelling USCIS to act. (Am. Compl. ¶ 22.) Shortly thereafter, USCIS acted. On November 6, 2017, it terminated Le Chen's asylum status after determining that his original grant of asylum was obtained pursuant to Bandrich's fraud. As a consequence of this, both the I-485 Application and the I-730 Petitions were resolved in short order. First, on December 8, 2017, USCIS placed Le Chen in removal proceedings and, pursuant to those proceedings, on January 8, 2018, it administratively closed his I-485 Application. (Ex. C to Kutlin Decl. (Doc. No. 19-3) at 2.) Second, on January 31, 2018, USCIS denied the I-730 Petitions on the ground that Le Chen had lost his asylum status. (Ex. D to Kutlin Decl. (Doc. No. 19-4) at 2-3; Ex. E to Kutlin Decl. (Doc. No. 19-5) at 2-3.)
On March 13, 2018, defendants moved to dismiss Le Chen's complaint as moot. (Defs. Mem. at 9.) Despite being directed to do so, Le Chen has not replied, nor has he taken any action in this case since filing the complaint over a year ago.
DISCUSSION
A district court must dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L. , 790 F.3d 411, 418 (2d Cir. 2015) (quoting Makarova v. United States , 201 F.3d 110, 113 (2d Cir. 2000) ). Plaintiffs, even those proceeding pro se , bear the burden of proving that subject matter jurisdiction exists. See Harrison v. New York , 95 F.Supp.3d 293, 311 (E.D.N.Y. 2015) ("Although courts hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers, pro se litigants still must establish subject matter jurisdiction to proceed in federal court." (citations omitted) ). In determining whether the plaintiff has met that burden, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, *295 and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison v. Nat'l Austl. Bank Ltd. , 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted) (citations omitted), aff'd , 561 U.S. 247, 130 S.Ct. 2869, 177 L.Ed.2d 535 (2010).
The case or controversy requirement of Article III precludes litigation over claims that are moot. Fox v. Bd. of Trs. of State Univ. of N.Y. , 42 F.3d 135, 139 (2d Cir. 1994). When a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction. Barrett v. United States , 105 F.3d 793, 794 (2d Cir. 1996).
Here, Le Chen seeks to compel USCIS to take action on his I-495 Application and I-730 Petitions. However, USCIS already did this in January 2018, when it administratively closed the I-495 Application and denied the I-730 Petitions. Accordingly, Le Chen's claims are moot, and his complaint must be dismissed for lack of subject matter jurisdiction. See You Zeng Huang v. Nielsen , No. 3:16-CV-1634 (VAB), 2018 WL 2725444, at *2 (D. Conn. June 6, 2018) (dismissing as moot plaintiff's mandamus action after the plaintiff's I-730 petition was denied by USCIS); Jinbin Wu v. Johnson , No. 16-CV-4523 (KAM), 2018 WL 1115215, at *4 (E.D.N.Y. Feb. 27, 2018) (dismissing as moot a plaintiff's mandamus action after the plaintiff's I-495 application was denied by USCIS). Additionally, Le Chen shall not be given leave to amend, as any amendment in these circumstances would be futile. See, e.g., Jinbin Wu , 2018 WL 1115215, at *4.
CONCLUSION
For the reasons set forth herein, defendants' motion to dismiss (Doc. No. 17) is granted, and the case is dismissed. The Clerk of Court is respectfully directed to mail a copy of this Order to Le Chen at the address listed on the docket and note the mailing on the docket. The Clerk of Court is further directed to enter judgment pursuant to this Order and close the case.
SO ORDERED.

When the complaint was filed in August of 2017, it named then-Secretary of DHS John F. Kelly and then-Acting Director of USCIS James McCament as defendants. (Compl. at 1.) Pursuant to Federal Rule of Civil Procedure 25(d), Kirstjen Nielsen and L. Francis Cissna are hereby substituted as defendants in place of Kelly and McCament, respectively.

Cf. All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co. , 436 F.3d 82, 89 (2d Cir. 2006) ("The presentation of affidavits on a motion under Rule 12(b)(1)... does not convert the motion into a motion for summary judgment under Rule 56." (citation omitted) ).